**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EDSON FURTADO | : | |
| Petitioner | : | |
| v. | : | Civil Action No. RDB-10-247 |
| DOUGLAS F. GANSLER, et al., | : | |
| | : | |
| Respondents | | |
| | o0o | |

**MEMORANDUM OPINION**

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, concerns Petitioner's allegations he is illegally confined at Clifton T. Perkins Hospital. Paper No. 1.  The Court has received several supplements to the Petition filed by Petitioner. Paper Nos. 3-5.  Petitioner's Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) shall be granted.  For the reasons that follow, the Petition must be dismissed without prejudice.

Petitioner is committed to Clifton T. Perkins Hospital because he was found incompetent to stand trial on charges of attempted first degree murder, first degree assault, burglary and kidnapping.  *See* Paper No. 1, Attachments.  As previously stated by this Court, Petitioner allegedly broke into his estranged girlfriend's apartment while she was sleeping, laid on top of her, held a knife to her throat and threatened to kill her.  *See Furtado v. State of Maryland*, Civil Action No. RWT-07-2472, Paper No. 6.  He was referred for a competency evaluation during his trial when he began voicing his beliefs that charges against him were the result of a conspiracy between his girlfriend, Montgomery County police, the judge and the attorneys as part of a cover up for a prostitution ring.  *Id.*  He maintained that the charges against him were

false and that his girlfriend was forced to lie because she worked as a prostitute for the police. After his evaluation Petitioner was diagnosed as suffering from delusional disorder, prosecutorial type and found incompetent to stand trial. Petitioner asserts he has been kidnapped and illegally detained. He claims he is not a danger to himself or others, and that the trial judge erred by finding him incompetent to stand trial without requiring the psychiatrists to testify under oath at a hearing. *Id*.

On June 12, 2008, a psychiatrist found Petitioner competent to stand trial. Paper No. 1. On June 24, 2008, the Circuit Court for Montgomery County, Maryland held a competency hearing and found Petitioner competent to stand trial. *See State v. Furtado,* Circuit Court for Montgomery County Maryland, Case Number 102410C.[1] Petitioner's jury trial began on December 8, 2008. *Id*. On December 9, 2008, the court again ordered Petitioner committed to the Department of Health and Mental Hygiene for examination as to his competency to stand trial. The following day, the court found Petitioner not competent to stand trial and he was ordered committed to the Department of Health and Mental Hygiene until found competent to stand trial. The court held a review hearing on December 8, 2009 where Petitioner's commitment was continued. A further review hearing is set for December 8, 2010. *Id*. Petitioner seeks an order from this court declaring his current detention illegal and ordering his immediate release. Paper No. 1.

Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court for Howard County, Maryland on September 28, 2009. *See Furtado v. Gansler*, Civil Number

---

1 The docket of Petitioner's criminal proceedings was reviewed by the court via the Maryland Judiciary Case Search. See
http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=102410C&loc=68&detailLoc=MCCR

13C09079533. The Petition was denied on December 10, 2009. It does not appear that Petitioner filed an appeal.

Petitioner is in state custody because his mental illness renders him unable to stand trial in the Circuit Court for Montgomery County. Thus, his petition has been considered under 28 U.S.C. § 2241.[2] Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.,* §10-805(h). It does not appear that Petitioner has properly challenged his commitment order in state court or exhausted all of his available state court remedies. Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a

---

[2] Had he been convicted of criminal charges, he could challenge the validity of such conviction in this court by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Petitioner's claim that he is illegally confined may be litigated in a state forum without harm to his constitutional rights.

      Accordingly, by separate order which follows, the Petition shall be dismissed without prejudice.


March 22, 2010                              /s/_____
Date                                               RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE